**WEST, Admrx. v CHILD et**

Probate Court, Highland County

No. 5176. Decided Sept. 30, 1939

A. G. Fuller, Findlay, for plaintiff.

Otis B. Core, Columbus, for defendant, Kentucky Joint Stock Land Bank.

## OPINION

By MYERS, J.

This matter comes on to be heard upon the motion of Lida West, administratrix of the estate of William A. West, deceased, for confirmation of sale and for distribution of the sale price of real estate sold to pay debts.

Administratrix was appointed as such on the 17th day of March, 1938, by the Probate Court of Delaware County, Ohio. On the 16th day of December, 1938, she filed in this court her petition for the sale of certain lands situate in Highland and Clinton counties, near the village of Lynchburg, Ohio, of which an undivided one-half was owned by decedent and one half by Lida West as an individual. Administratrix as an individual consented that her interest be sold along with decedent's interest, and the lands were so appraised and sold at public sale. No reason being shown why such sale should not be confirmed, an entry of confirmation will be journalized.

As to the matter of distribution, however, there is presented to the court a question on which all parties are not agreed, the property having brought less than the amount of the mortgages thereon. Involved in this sale were two tracts, the Kentucky Joint Stock Land Bank of Lexington having a first mortgage on the first tract and Sylvia W. Child having a first mortgage on the second tract and a second mortgage on the first tract. The land bank's mortgage was to secure the amount of $5,411.90 and interest and it purchased said first tract for $4,950; the mortgage of Sylvia W. Child was to secure the sum of $4,000 and interest; she purchased the second tract for the sum of $1,000.

The result is that the purchasers must pay the costs required by law, along with the taxes, before deeds can be executed, costs to include such compensation for the fiduciary and fees for her counsel as the law provides. The defendant land bank, while contending that the matter of the fiduciary's compensation is a matter of discretion in this court, objects to the allowance of any compensation in this case on the grounds that the administratrix is personally liable to it for the deficiency, that no money has passed through her hands, that it was evident at the outset of the proceedings that the creditors would not be benefited by the sale, and that the property was purchased by the mortgagee for less than the mortgage debt. The administratrix at the outset contended that this court had no jurisdiction to allow fees for the fiduciary because of the provision of §10510-45, GC. That position has been abandoned and it is now argued that the fee should be based upon the familiar 6%-4%-2% basis provided by §10509-192, GC.

The pertinent statutes are §§10509-192, 10510-45 and 10510-46, GC.

Sec. 10509-192 is as follows:

"Except as otherwise provided by law, executors and administrators may be allowed commissions upon the amount of personal estate collected and accounted for by them, and of the proceeds of real estate sold by order of the court, or under direction of the will,

which must be received in full compensation for all their ordinary services as follows: for the first thousand dollars at the rate of six per cent; all above that sum, and not exceeding five thousand dollars, at the rate of four per cent, and all above five thousand dollars at the rate of two per cent."

This section was enacted, effective January 1, 1932, as a part of the new Probate Code, and was amended effective September 2, 1935. The 1935 Amendment consisted of the addition of the first six words: "Except as otherwise provided by law."

Sec. 10510-45, GC, reads as follows, and stands as it did on its effective date, January 1, 1932:

"When an action to sell real estate is prosecuted by an executor or administrator he shall be allowed by the court from which his letters issued, the compensation provided by law. When such action is by a guardian, his duties and obligations therein shall be considered by the court appointing him in awarding such compensation as the court deems reasonable." (Emphasis mine.)

Sec. 10510-46, GC, is as follows:

"The sale price of real estate sold shall be applied and distributed as follows:

"1. To discharge the costs and expenses of the sale, including reasonable fees to be fixed by the court for services performed by attorneys for the fiduciary in connection with the sale, and such compensation, if any, to the fiduciary for his services in connection with the sale as the court may deem warranted and fix, which costs, expenses, fees and compensation shall be paid prior to any liens upon the real estate sold and notwithstanding the purchase of such real estate by a lien holder.

"2. To the payment of taxes, penalties, and assessments then due, against such real estate and to the payment of mortgages and judgments against the ward or deceased person,

according to their respective priorities of lien, so far as they operated as a lien on the real estate of the deceased at the time of the sale, or on the estate of the ward at the time of the sale; which shall be apportioned and determined by the court, or on reference to a master or otherwise.

"3. In the case on an executor or administrator, the remaining proceeds of sale shall be applied as follows:

(a) If the action be to sell real estate to pay legacies, to the payment of legacies with which the real estate of the deceased was charged;

(b) To discharge the claims and debts of the estate, in the order provided by law;

(c) Whether such executor or administrator was appointed in this state or elsewhere, the surplus of the proceeds of sale must be considered as real estate and be disposed of accordingly.

4. In the case of a guardian, in the manner and upon the terms approved by the court where he was appointed."

This section was amended, effective September 2, 1935, having originally provided in its pertinent parts as follows:

"The money arising from the sale of real estate shall be applied as follows:

"(1) To discharge the costs and expenses of sale, including reasonable fees for services performed by attorneys for the fiduciary in connection with the sale, and the commission of the executor or administrator thereon for his administration, or compensation of the guardian for his services as fixed by the court.

"(2) To the payment of mortgages, judgments, and tax liens against the ward or deceased person * * * ."

The 1935 amendment resulted, the court understands, from the decision in the case of **State v Griffith, 127 Oh St 161**, wherein it was held that when the mortgagee purchases the property for less than the sum due on the mortgage it can not be said that money arises

from the sale. The amended section employs the term "sale price" instead of "money arising from the sale" and has been declared to be a valid enactment in the case of **Flory v Cripps, 132 Oh St 487, 8 OO 484,** paragraph 1 of the syllabus is as follows:

"1. Under the provisions of §10510-46, GC, as amended effective September 2, 1935, reasonable compensation and fees to be fixed by the court for services performed by the fiduciary and by his attorneys in connection with the sale of real estate to pay debts may be allowed as a part of the costs in the proceeding and paid prior to any liens upon the real estate sold, even though a lien holder was the purchaser thereof, and at a price less than his lien thereon."

The questions raised here are these: Does the court from which letters issued or the court in which sale and distribution is made determine and allow the compensation of the fiduciary, and if such is allowed in the latter court, should it be based upon the 6%-4%-2% basis or upon what the court determines to be reasonable? There seems to be no question as to attorney fees except the reasonableness thereof.

It is the opinion of this court that the compensation of the fiduciary, if any, for his services in connection with the sale, is to be fixed in the forum of sale, in this case Highland County. If this were not true the administratrix herein might receive nothing whatever, it appearing that there are no personal assets out of which compensation could be paid, and the court from which letters issued would be in the position of allowing a fee which could not be paid. **Sec. 10510-45, GC** refers to the "compensation provided by law." What is the compensation provided by law? Prior to 1935 §10509-192, GC purported to determine this, but under the rule of State v Griffith, supra, even that could not be applied when no **money** arose from the sale. It will be noted that §10509-192 GC allows commissions out

of the **proceeds** of real estate sold. There are here no proceeds or monies arising from the sale. These terms are synonymous. (**Andrews, Assignee v Johns, 59 Oh St 65**). The administratrix herein must therefore look to §10510-46, GC as amended, for whatever she is to receive, and can not effectively contend that she should receive the compensation provided by §10509-192, for that section by its own terms, is applicable only when it is not "otherwise provided by law." There is in fact other provision (§10510-46 GC as amended) and that provision is for "such compensation, if any, to the fiduciary for his services in connections with the sale as the court may deem warranted and fix."

Admittedly, the provision of §10510-45, GC introduces an element of confusion, for it must be read with the others and must be given some interpretation. The section appears to be, in part at least, a consolidation of former §§10837 and 10953, GC. It has not been amended since it became effective on January 1, 1932. It is the opinion of this court that the legislature intended that upon settlement of the fiduciary's account a credit should be allowed by the appointing court for the compensation provided by law. As stated above that compensation is in the case at hand such as the court in which the sale was had shall deem warranted and fix. The section is not self-executing. It is therefore the opinion of this court that when real estate is sold by the fiduciary through a court other than that from which letters issued, and a mortgagee purchases the property for less than the mortgage debt, before receiving his instrument of conveyance from the fiduciary the mortgagee must pay the costs and expenses of the sale, including such compensation for the fiduciary as the court through which the sale is had shall deem warranted and fix, and the fixing of such amount is within the sound discretion of the court, nor is the court bound by the commission schedule established by §10509-192, GC.

In the present case administratrix contends that among other things she permitted the whole interest to be sold, which benefited the mortgagee in that the expense of an ultimate partition was avoided. The lienholder could of course have caused the entire interest to be sold under §10510-10, GC which is as follows:

"When the interest of the decedent or ward in the real estate is fractional and undivided, the action shall include only such undivided fractional interest, except that (a) the executor, administrator or guardian, or (b) the owner or owners of any other fractional interest, or (c) any lien holder, may, by pleading duly filed in the cause, setting forth all interests in the property and liens thereon, require that the action include the entire interest in the property, and the owner or owners of said interests and liens shall receive their respective share or shares of the proceeds of sale after payment has been made of the costs and expenses of sale. The fees of the executor, administrator or guardian and of his attorney shall be a charge, as provided by law, only against such portion of the proceeds of sale as represents the interest of the decedent or ward." (Emphasis mine).

She also contends that an auctioneer was employed by her. It is not unjust to allow a reasonable amount for this expenditure, which will be included in the amount herein fixed. (Ingham v Lindemann, 37 Oh St 218).

The court is of the opinion that compensation for the administratrix in the amount of $50.00 is warranted, and fixes that amount. Had this action been filed before the mortgagee had a reasonable time to learn of the death and the condition of the estate and reasonable time to begin a foreclosure action the court might agree with counsel for the Land Bank that no compensation should be allowed. However, mortgagee permitted nine months to pass, and compensation to cover expenses is allowed.

As for the attorney fee, the court feels that since the statute was enacted for the reason that mortgagees should not be permitted to force the fiduciary to sell to pay debts, saving themselves independent counsel fees, and then object to payment of counsel fees for the fiduciary's attorney, a fair basis for allowance is the usual fee for foreclosure in the locality of the court ordering sale. The court does not believe $125.00 is unreasonable, and will fix the attorney fee at that amount, this and the compensation of the fiduciary to be pro-rated as the other costs between the purchasers of the two parcels of land.

An entry of confirmation and distribution may be drawn.